**UNITED STATES ATTORNEY'S OFFICE**
CRAIG CARPENITO
United States Attorney
EAMONN O'HAGAN
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 645-2874

*Attorneys for the United States of America*

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re*<br><br>JOHN J. GARAGOZZO,<br><br>               Debtor. | Chapter 13<br><br>Case No. 17-14028-JNP<br><br>Judge Jerrold N. Poslusny, Jr.<br><br>**Hearing Date:  Nov. 6, 2019<br>Hearing Time: 9:00 a.m.** |

**ATTENTION DEBTOR'S COUNSEL:
FOR THE REASONS STATED HEREIN, THE PROPOSED CHAPTER 13 PLAN
IS FACIALLY UNCONFIRMABLE. TO THE EXTENT NO WRITTEN
RESPONSE TO THIS OBJECTION IS FILED AND NO ADJOURNMENT IS
OBTAINED, COUNSEL FOR THE UNITED STATES WILL NOT BE
APPEARING AT THE SCHEDULED HEARING ON THIS MATTER AND WILL
INSTEAD RELY ON THIS WRITTEN OBJECTION.**

**OBJECTION OF INTERNAL REVENUE SERVICE TO CONFIRMATION
OF DEBTOR'S MODIFIED CHAPTER 13 PLAN**

THE UNITED STATES OF AMERICA, on behalf of the Internal Revenue

Service (the "Service"), submits the following objection to confirmation of the above-

captioned debtor's Chapter 13 Plan (the "Plan") [ECF Doc No. 110].  In support

thereof, the Service respectfully represents as follows:

Case 17-14028-JNP    Doc 114    Filed 10/23/19    Entered 10/23/19 17:03:50    Desc Main
Document    Page 2 of 4

## **RELEVANT BACKGROUND**

1.      John J. Garagozzo (the "Debtor") filed a voluntary petition under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on March, 1, 2017 (the "Petition Date") [ECF Doc. No. 1].  This case was converted to a case under chapter 13 of the Bankruptcy Code on January 29, 2019.

2.      The Debtor has unpaid federal tax liabilities for numerous tax years. *See* Claim No. 7.  Prior to the Petition Date, the Service filed a Notice of Federal Tax Lien (the "Tax Lien") against the Debtor.  *Id.*  Pursuant to 26 U.S.C. § 6321, the Tax Lien encumbers all of the Debtor's "property and rights to property, whether real or personal."  26 U.S.C. § 6321.

3.      The Service filed a proof of claim against the Debtor setting forth a total claim of $306,177.58 (the "Service Claim"), comprised of: (i) a secured claim pursuant to 11 U.S.C. § 506(a) in the amount of $6,109.63, which amount is secured by the Tax Lien on the Debtors' scheduled real ***and personal*** property[1] (the "Secured Claim"); (ii) an unsecured priority claim pursuant to 11 U.S.C. § 507(a)(8) in the amount of $124,243.59 (the "Priority Claim"); and (iii) a general unsecured, claim of $175,824.63.  *See* Claim No. 7.

4.      For the reasons described below, the Plan is not confirmable.

---

[1] *See* Debtors' Schedule A/B: Property [ECF Doc. No. 101].

2

## A. **The Plan is Not Confirmable With Respect to the Service's Priority Claim**

5.      With respect to claims entitled to priority under Bankruptcy Code section 507(a)(8), a chapter 13 plan must "provide for the full repayment, in deferred cash payments . . . unless the holder of a particular claim agrees to a different treatment of such claim." 11 U.S.C. § 1322(a)(2). Here, the Plan provides for substantially less than full payment of the Priority Claim. *See* Plan, Part 3. On this basis, the Plan cannot be confirmed under Bankruptcy Code section 1322(a)(2).

## B. **The Plan is Not Confirmable Because it is Not Feasible**

6.      Pursuant to Bankruptcy Code section 1325(a)(6), the Court cannot confirm a chapter 13 plan unless "the debtor will be able to make all payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6). The burden of establishing this feasibility requirement rests squarely on the Debtor. *In re Jensen*, 425 B.R. 105, 110 (Bankr. S.D.N.Y. 2010) ("Debtors have the burden to prove that their plans are feasible.").

7.      Here, section 1325(a)(6)'s requirement has not been met because the Debtor has committed only $102,600.00 in total funding to make all payments under the Plan. *See* Plan, Part 1. This is significantly less than the amount required to be paid on the Service Claim alone. Moreover, the Plan's indication that a "lump sum" will be paid "upon confirmation" is unsupported by any factual information. *Id.* For these reasons, the Plan is unconfirmable on its face.

3

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the Service requests that the Court

(i) deny confirmation of the Plan; and (ii) grant any other and further relief that the

Court deems just and proper.

Dated: October 23, 2019

CRAIG CARPENITO
United States Attorney

*/s/ Eamonn O'Hagan*
EAMONN O'HAGAN
Assistant U.S. Attorney

*Attorneys for the
United States of America*

4