# Office of the Chapter 13 Standing Trustee

*Isabel C. Balboa, Chapter 13 Standing Trustee* †

*Jane L. McDonald, Counsel*
*Raymond H. Shockley, Jr., Staff Attorney*
*Jennifer R. Gorchow., Staff Attorney*

*Jennie P. Archer\**
*Kelleen E. Stanley\**
*Lu'Shell K. Alexander\**

*\*Certified Bankruptcy Assistant*
†*Fellow, American College of Bankruptcy*

November 21, 2019

The Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court
P.O. Box 2067
Camden, New Jersey 08102

RE:   CHAPTER 13 BANKRUPTCY
      CASE NO. 17-14028 (JNP)
      DEBTORS: John J. Garagozzo

Dear Judge Poslusny:

Please accept this letter as a limited objection to Debtor's Motion to Sell and Notice of Private Sale which is returnable December 3, 2019.

Debtor is seeking to sell Debtor's interest in property located at 203 125th Street #175S1 aka Unit No 175 Hidden Harbour, Ocean City, Maryland for the amount of $88,310.00. Although the Trustee does not object to the sale of the property, as is often the case, the devil is in the details.

Debtor claims the value of the property to be $281,400.00 and his interest to be worth $88,310.00. However, in Debtor's CMA, dated October 30, 2019, Debtor's realtor states that in her "Professional Opinion. . . the condominium should be listed for $305k, and would sell for $290k." Debtor's Exhibit A, unnumbered page captioned "Pricing Recommendation."

Debtor's certification references a lien held by Ocwen Loan Servicing that impaired the property at the time he purportedly transferred his interest in the property to his parents. Certification, paragraph 3. As alluded to in paragraph 5 of Debtor's certification, the transfer from Debtor to his parents was avoided upon an adversary action filed by Joseph Marchand, Chapter 7 Trustee, by order dated November 29, 2017. Doc. 32. Hence, Debtor once again has an interest in the property and the property is an asset of the estate. Debtor states in paragraph 7 that his mother is now the owner of the property. Based upon the foregoing, the Trustee takes issue with that statement. Debtor and his parents co-owned the property (Debtor's certification, paragraph 2; adversary complaint, Doc 27, paragraph 11). Since Debtor's transfer of his interest was set aside, his mother is now a co-owner of the property <u>with</u> Debtor.

Debtor attached to his certification a release of the lien executed by Ocwen and recorded in August 24, 2015 by the clerk of Worcester County. Debtor's Exhibit B. Debtor states that his mother paid Ocwen approximately $47,000.00 to satisfy the lien. Certification, paragraph 10. Debtor argues that, as a result, $47,000.00 should be deducted from the value of the property. <u>Ibid</u>. The Trustee respectfully submits that, if Debtor seeks to deduct his mother's expense in satisfying the Ocwen lien, Debtor should provide proof that his mother paid it and the exact amount that she paid.

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

Payments Only:

P.O. Box 1978
Memphis, TN 38101-1978

    The Trustee disagrees with Debtor's claim to an exemption of $13,500.00 under 11 U.S.C. § 522(d)(5). The amount Debtor may claim under that statute is $1,250.00 plus $11,850.00, for a total of $13,100.00. This is also the amount correctly claimed on Debtor's amended Schedule C. Doc. 101. The Trustee also does not understand Debtor's argument that he should be permitted to deduct $15,390.00 for the plan payments already paid to the Trustee pursuant to the terms of his plan.

    The net proceeds of the sale should be remitted in their entirety to the Trustee for distribution pursuant to the terms of the plan. The liquidation analysis cannot be completed until the amount paid to Ocwen has been ascertained. However, it would include the following provisions:

| | |
|---|---|
| Debtor's CMA: | $290,000.00 |
| Less cost of sale | $ 29,000.00 |
| Less payment to Ocwen | $ |
| Divided by 2 | $ |
| Less Debtor's exemption | $13,500.00 |
| Net proceeds payable to Trustee | $ |

    Note that Debtor's plan has not been confirmed by this Court. Therefore, title must be conveyed by Debtor and the Trustee. Additionally, the modified plan filed on September 16, 2019 (Doc. 110) indicates that Debtor's ex-wife, Stephanie Santoro, is a creditor being paid outside the plan. Although Debtor alleges in paragraph 6 of his certification that all issues with Ms. Santoro have been resolved, she remains listed as a creditor in this case and she should have received notice of the pending motion. The Certification of Service filed with the motion does not show that she received service.

    The Trustee respectfully submits Debtor must provide proof of who paid Ocwen and the amount that was paid in order for Debtor to assert a credit for the payment. Thereafter, a more accurate liquidation analysis may be performed.

    As always, the Court is welcome to contact the Trustee with any concerns.

    Respectfully Submitted,

*OFFICE OF THE CHAPTER 13*
*STANDING TRUSTEE*

*/s/ Raymond H. Shockley, Jr.*
Raymond H. Shockley, Jr.
Staff Attorney

RHS/kt
cc:    Kimberly A. Wilson, Esquire (Via CM/ECF and e-mail)
       John J. Garagozzo (Via First Class Mail)

Cherry Tree Corporate Center
535 Route 38
Suite 580
Cherry Hill, NJ 08002
(856) 663-5002

**Payments Only:**

P.O. Box 1978
Memphis, TN 38101-1978

Page **2** of **2**